IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **GREG BECKER**, | Case No.: 3:10-cv-01469-SI |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **MICHAEL ASTRUE**, Commissioner Social Security Administration, | |
| Defendant. | |

Phyllis Burke, 3800 NE Sandy Blvd., Suite 226, Portland, OR 97232.  Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 SW Third Avenue, Suite 600, Portland, OR 97201; Matthew W. Pile, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104.  Attorneys for Defendant.

**SIMON, District Judge.**

This court reversed the Commissioner's determination of nondisability on March 5, 2012, and remanded the matter for further proceedings under 42 U.S.C. § 405(g).  (Dkt. 23.)  Plaintiff now applies to this court for attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Dkt. 25.)

The EAJA authorizes the payment of attorney fees to a prevailing party in an action against the United States, unless the Government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A).  Although the EAJA creates a

OPINION AND ORDER, Page 1

presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir.1995). The district court decision to deny EAJA attorney fees is within its discretion. *Id.* at 567; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir.2002). A social security claimant is the "prevailing party" following a sentence-four remand for further proceedings under 42 U.S.C. § 405(b). *Flores*, 49 F.3d at 567 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 n.3 (1993)).

If the Government fails to prevail in its position, no presumption arises that the Government's position was unreasonable. *See, e.g., Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). The court applies a reasonableness standard in determining whether the Government's position was substantially justified. *Flores*, 49 F.3d at 570. The Government must demonstrate that its position had a reasonable basis in both law and fact. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir.1988). The reasonableness standard is met if the Government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir.1998); *Lewis*, 281 F.3d at 1083. The Government must justify both the original agency action and its litigation position. *Kali*, 854 F.2d at 332.

Plaintiff seeks an attorney fee award in the amount of $11,721.76 and $350.00 in costs. This represents 65.10 hours of attorney time. The Commissioner responds that this fee request is unreasonable and asks this court to decline an award of fees under the EAJA. Def.'s Opp. at 2 (Dkt. 27). Alternatively, the Commissioner asks this court to award less than the requested fee. *Id.* The Commissioner argues both that its position in the earlier proceeding was "substantially justified" and that the specific amount that Plaintiff requests is "unreasonably large." *Id.*

OPINION AND ORDER, Page 2

The Commissioner asserts that his earlier argument pertaining to the ALJ's findings under 20 C.F.R. §§ 404.1520(a)(iv) and 416.920(a)(iv) was "substantially justified." *Id.* at 4. The Commissioner argues that the court affirmed the ALJ's residual functional capacity ("RFC") assessment and, according to the Commissioner, therefore could have found that an RFC allowing light work included the performance of sedentary work. *Id.* at 4. The Commissioner also cites his earlier argument that Mr. Becker could have performed his past relevant work as it is "generally performed." *Id.*

The court declines to modify its earlier ruling in this case, which found the ALJ's conclusion under 20 C.F.R. §§ 404.1520(a)(iv) and 416.920(a)(iv) to be unsupported in the administrative record. Opinion and Order at 19-22 (Dkt. 23). The Commissioner now asserts that this court could have made alternate findings regarding Mr. Becker's past relevant work in its analysis, pointing to the *Dictionary of Occupational Titles* as support for this conclusion. Dkt. 27 at 3-4. The ALJ's finding that he considered Mr. Becker's past relevant work as "actually performed" is discussed in my earlier decision and will not be repeated here. Opinion and Order at 19. I am not persuaded by the Commissioner's argument that his original position was "substantially justified."

The Commissioner also argues that Plaintiff's fee request is "unreasonably large" and should be denied or reduced. Def.'s Opp. at 4 (Dkt. 27). This court has discretion to determine whether fees are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983). The critical factor in this analysis is the "degree of success attained." *Id.* The Ninth Circuit has recently cautioned that district courts may not reduce requested fees in social security disability appeals without explanation. *Costa v. Comm'r Soc. Sec. Admin.*, --- F.3d --- (9th Cir. Aug. 24, 2012), 2012 WL 3631255 at *3-4.

Plaintiff asserts that a fee award based on "at least 40 hours" of attorney time should be an acceptable compromise. Pl.'s Reply at 6 (Dkt. 28). This represents a voluntary reduction from Plaintiff's original fee request, which represented 65.10 hours of attorney time. Upon review, I conclude that Plaintiff's amended fee request is reasonable. I therefore grant Plaintiff's amended fee request for 40 hours at counsel's 2011 billing rate of $180.59, which represents the majority of the time worked.

In summary Plaintiff's amended fee application (Dkts. 25 and 28) is GRANTED. Plaintiff is awarded $7,223.60 for attorney fees under 28 U.S.C. § 2412(d) plus $350 in costs. EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, --- U.S. ----, 130 S. Ct. 2521 (2010). Because Plaintiff does not appear to have filed with the court an assignment of EAJA fees to his counsel, Defendant shall cause the payment of fees to be made to Plaintiff and delivered to Plaintiff's counsel. If Plaintiff timely provides a signed assignment requesting that the attorney fees awarded be paid directly to his counsel, Defendant shall honor the assignment by causing the payment of fees to be made directly to Plaintiff's counsel.

DATED this 4th day of September, 2012.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge